UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRIANA S.,<br><br>           Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>           Defendant. | CASE NO. 2:24-cv-01046-GJL<br><br>ORDER ON DEFENDANT'S MOTION TO AMEND JUDGMENT |

Before the Court is the Commissioner's Motion to Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e) (the "Motion"). Dkt. 17. Plaintiff did not file a responsive brief. *See* Dkt. Having considered the Commissioner's arguments, the Court **DENIES** the Motion.

The Court may alter or amend a judgment under Rule 59(e) where the Court "'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Rule 59(e) provides an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Id.* (citation and internal quotation marks omitted). "A Rule

59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.*

In reaching its decision, the Court considered the record as a whole and the arguments of the parties, including the Commissioner's previously raised argument that the ALJ was permitted to assess Plaintiff's RFC in the absence of a medical opinion. *See* Dkt. 14 at 4–6; Dkt. 17 at 2 (citing *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022); *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). The Commissioner reiterates this argument in her Motion, asserting that the Court's Order (Dkt. 15) reversing and ordering a qualified medical opinion conflicts with Social Security regulations and 9th Circuit authority. Dkt. 17 at 3.

As discussed in this Court's Order, "[t]he Court agrees with the Commissioner that the lack of a relevant medical opinion does not necessarily preclude the ALJ from rendering a decision." Dkt. 15 at 4. Here, however, the ALJ assessed Plaintiff's mental impairments despite a distinct lack of functional information in the record. In doing so, the ALJ violated her duty to develop the record and erred by interpreting raw medical evidence in functional terms. Dkt. 15 at 4.

Although the Commissioner presents new arguments in her Motion, these, too, are unavailing. Dkt. 17 at 3–5. First, the Commissioner argues that the Court's ruling is "irreconcilable" with *Farlow*, a Ninth Circuit case that affirmed an ALJ who rejected the only functional assessment in the record—and thus had "no opinion supporting the RFC assessment." Dkt. 17 at 3 (citing *Farlow*, 53 F.4th at 488). Thus, the Commissioner reasons, "if the ALJ can assess a claimant's RFC after properly rejecting the only opinion(s) in the record, then the absence of an opinion in the first instance cannot serve as a justification to develop of the [sic] record." Dkt. 17 at 3.

1     "But *Farlow* does not stand for the proposition that it is never an error for an ALJ to reject the only medical opinions of record and then assess an RFC inconsistent with those opinions." *Raul E. A. v. O'Malley*, No. 2:23-CV-01933-DJA, 2024 WL 5004524, at *6 (D. Nev. Dec. 5, 2024) (citing *Farlow*, 53 F.4th at 487–89). In such a situation, the ALJ errs by rejecting those opinions while also "failing to articulate how the ALJ translated the medical evidence into an RFC." *Id.* at *6–7 (citing *deGutierrez v. Saul*, No. 1:19-cv-00463-BAM, 2020 WL 5701019, at *5-6 (E.D. Cal. Sept. 24, 2020) ("Thus, the ALJ apparently formulated an RFC based on her interpretation of the medical evidence, which is improper.").

Here, the ALJ reviewed notes from therapy sessions and other medical appointments which included observations of Plaintiff's behavior along with her endorsement of various mental health symptoms. AR 23–24. This information was insufficient to formulate an RFC in the absence of a medical opinion regarding Plaintiff's functional capacities. *See Wilson v. Comm'r of Soc. Sec. Admin.*, No. CV2300008TUCJGZJR, 2023 WL 8604381, at *5 (D. Ariz. Nov. 2, 2023), *report and recommendation adopted*, No. CV2300008TUCJGZJR, 2023 WL 8600811 (D. Ariz. Dec. 12, 2023) (behavior health visit notes, lab reports, mental status examinations, and psychiatric assessments are "raw medical data in that these records reflect findings, impressions, and medical diagnoses that are difficult for a lay person to interpret.").

Second, the Commissioner asserts that the remedy in the Order—that the ALJ "obtain a qualified medical opinion as to Plaintiff's mental functioning"—rests on faulty assumptions by the Court. Dkt. 17 at 4 (citing Dkt. 15 at 7). Namely, the Commissioner argues that the medical source may not provide a function-by-function analysis, and even if they did, the ALJ could still find it unpersuasive for the same reasons the ALJ used previously. Dkt. 17 at 4–5.

The Commissioner imagines a problem where none exists. The ALJ is free to discredit the opinion of the court-ordered consultative examiner if there are valid reasons for doing so. In such a situation, the ALJ may interpret functional limitations prescribed by the opinion and adjust the RFC based on the supportability and consistency (or lack thereof) of those limitations. *See Atkinson v. Comm'r of Soc. Sec.,* No. 1:18-CV-00331-REB, 2019 WL 4046537, at *6 (D. Idaho Aug. 26, 2019) ("With the benefit of that opinion, the ALJ shall reconsider his conclusion that there are jobs that exist in significant numbers in the national economy that Petitioner can perform [. . .] the Court expresses no opinion regarding how the evidence should ultimately be weighed, or any ambiguities or inconsistencies in the record resolved, on remand.").

For the foregoing reasons the Commissioner's Motion to Amend Judgment (Dkt. 15) is **DENIED**.

Dated this 12th day of February, 2025.

Grady J. Leupold
United States Magistrate Judge